**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TRACY BARBER,

                              Plaintiff,

                - v -                              Civ. No. 1:13-CV-331
                                                      (NAM/RFT)

STATE OF NEW YORK,

                              Defendant.

**APPEARANCES:**                              **OF COUNSEL:**

TRACY BARBER
Plaintiff, *Pro Se*
189 Pearl Street
Corning, New York 14830

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

The Clerk has sent for review a Complaint filed by *pro se* Plaintiff Tracy Barber. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but has submitted an Application to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 2, IFP App.

### I. DISCUSSION

#### A. Application to Proceed *In Forma Pauperis*

Upon review of Plaintiff's IFP Application (Dkt. No. 2), the Court finds that Plaintiff has demonstrated sufficient economic need and may commence this action without prepayment of the filing fee. Thus, Plaintiff's IFP Application is **granted**.

#### B. Allegations Contained in the Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to

proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain her complaint before permitting her to proceed further with her action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, Federal Rule of Civil Procedure 8 "demands more than an unadorned,

the-defendant- unlawfully-harmed-me accusation." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555).

Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotation marks and alterations omitted). And, allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Plaintiff's Complaint is one paragraph long, stating in its entirety as follows:

I have stated many times to state agencies for correspondence on filing complaints. The minorities associated with gay, lesbian community contrived with generosity from Bank of America. The discrimination entirely State of New York prevalent after filing a complaint caused friction and totally disrupted my life. I am filing a lawsuit against the State of New York in accordance with section 1981 of title 42 (Equal Rights under the Law). Rights guaranteed by the Bill of Rights the 13th, and 14th, 15th and 19th Amendment to Constitution civil rights include civil liberties, such as freedom of speech, press, assembly and religion due process, the right to vote, equal and fair treatment by law enforcement and the courts, opportunity to enjoy the benefits of democratic society, such as equal access to public schools, recreation, transportation, public facilities and housing. Prohibition against discrimination establishments affecting interstate commerce or support by state action places of public accommodation, lodging; facilities principally engaged in selling food for consumption on the premises; gasoline stations; places of exhibition or entertainment; often covered establishments. Support by state action from discrimination 5th amendment right of privacy. The right of privacy has evolved to protect the freedom of individuals to choose whether or not to perform certain acts or subject themselves to certain experiences. I declare all statements are valid, my intention solely for lawsuit against State of New York.

Compl. at (unnumbered) p. 1.

As for relief sought, Plaintiff provides the following: "The State of Ne w York Northern District Court and parties involved in the lawsuit shall release all records and property to Tracy Barber plaintiff, court order for resolution." *Id*. at (unnumbered) p. 2.

In light of Plaintiff's *pro se* status, the Court has examined the Complaint carefully to determine whether a basis exists for this Court's exercise of jurisdiction over her claims. However, the Court is not able to discern either a factual or legal basis for this action. The Complaint fails to

include enough facts to allow this Court to understand why Plaintiff is seeking relief from the Court and what relief is sought. Indeed, as written, the Court is unable to assess whether Plaintiff's rights were violated in any way and the entire Complaint amounts to nothing more than vague legal conclusions unsupported by any facts. While recognizing that Plaintiff is proceeding *pro se*, thus requiring this Court to treat the pleading with a certain degree of liberality, the inescapable fact remains that the Complaint is wholly insufficient to state any plausible claim for relief or to allow a defendant to make a reasonable response. Under the circumstances the Court concludes that the Complaint, as drafted, fails to state a claim upon which relief may be granted and is subject to dismissal pursuant to 28 U.S.C. § 1915. *See Ashcroft v. Iqbal*, 556 U.S. at 678 ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 557). Thus, we recommend dismissal of this action.

Alternatively, in light of Plaintiff's *pro se* status, the Court recommends that prior to outright dismissal of this action, the Court should afford Plaintiff the opportunity to file an amended complaint if Plaintiff wishes to proceed with this action. Should Plaintiff be directed by the District Judge to file an amended complaint, we offer the following guidance. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. The body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that her civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, she should include a corresponding number of paragraphs in her amended complaint for each such allegation, with each
*-4-*

paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff's amended complaint shall also assert claims against each and every defendant named in such complaint; **any defendant not named in such pleading shall not be a defendant in the instant action**. Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into her amended complaint by reference. **Plaintiff shall state in the single amended complaint all claims that she wishes this Court to consider as a basis for awarding Plaintiff relief herein; her failure to file such a pleading could result in dismissal of this action without further Order of the Court**.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's *In Forma Pauperis* Application (Dkt. No. 2) is **granted**; and it is further

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915, Plaintiff's entire Complaint should be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief can be granted. However, in light of her *pro se* status, this Court further

**RECOMMENDS**, that prior to outright dismissal, Plaintiff be afforded an opportunity to amend her Complaint consistent with the directions above. In any amended complaint that Plaintiff files, Plaintiff must allege claims of misconduct or wrongdoing against Defendants that she has a legal right to pursue and over which this Court has jurisdiction; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: April 9, 2013
       Albany, New York

Randolph F. Treece
U.S. Magistrate Judge